UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAMON TUGGLE, | No. C 07-6257 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| TAYLOR, licensed vocational nurse, | |
| Defendant. | |

Steven Ramon Tuggle, formerly incarcerated at Pelican Bay State Prison and currently incarcerated at California State Prison - Corcoran, filed this pro se civil rights action under 42 U.S.C. § 1983. In his complaint, Tuggle alleged that a licensed vocational nurse at Pelican Bay harassed and retaliated against him on February 22, 2007 by giving him a medication to which he was allergic. His complaint is now before the court for initial review pursuant to 28 U.S.C. § 1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

There is an exhaustion problem in this action. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. See id. § 3084.5; Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). Nonexhaustion under § 1997e(a) is usually an affirmative defense, but a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

The materials submitted by Tuggle plainly show he did not satisfy the requirement that he exhaust administrative remedies. On the form complaint, Tuggle checked the box indicating that he had exhausted at the highest level and directed the reader to "please see exhibit 'A'" regarding his exhaustion at the third formal level. Exhibit "A" is a November 5, 2007 letter from the inmate appeals branch of the California Department of Corrections and Rehabilitation returning Tuggle's inmate appeal because the appeal had not complied with the requirement that the inmate had to submit the appeal within 15 working days of the event or decision being appealed or receiving a lower level decision. See Complaint, Exh. A. In short, the director's level decision was to reject the appeal as untimely and did not reach the merits of the appeal.

A prisoner cannot satisfy the PLRA's exhaustion requirement "by filing of an untimely or otherwise procedurally defective administrative grievance or appeal." Ngo, 548 U.S. at 83-84. The PLRA exhaustion requirement requires proper exhaustion. Id. at 84, 93. A prisoner must complete the administrative review process in accordance with the applicable

2

procedural rules, including deadlines, as a precondition to bringing suit in federal court. See id. at 90-91.  Tuggle did not.  His untimely appeal did not satisfy the requirement that he exhaust administrative remedies before filing his action in federal court.  For the foregoing reasons, this action is DISMISSED without prejudice.

Tuggle's motion for an extension of time to file an in forma pauperis application is GRANTED.  (Docket # 3.)   The court has treated his in forma pauperis application as timely filed.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 24, 2008

_____
Marilyn Hall Patel
United States District Judge

**United States District Court**
For the Northern District of California

3